IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES O'DELL WALTON | § | |
|    TDCJ-CID #561346 | § | |
| | § | |
| V. | § | C.A. NO. C-06-062 |
| | § | |
| DOUG DRETKE, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CIVIL RIGHTS CLAIMS FROM HABEAS CORPUS ACTION
AND DENY REQUEST FOR INJUNCTIVE RELIEF**

On February 8, 2006, James O'Dell Walton (Walton), a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division, (TDCJ-CID) filed on a preprinted habeas corpus form what he characterizes as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (D.E.1). In his petition, Walton challenges as unconstitutional three prison disciplinary convictions and resulting punishments. Id. In addition, however, he also complains that certain TDCJ-CID grievance personnel are denying him his due process rights and causing his life to be placed in danger by wrongfully characterizing his grievances as frivolous and not properly considering his life in danger (LID) complaints. Id. He also complains that he was denied proper medical treatment after he suffered food poisoning and assaults. Id. He complains further that certain officers are filing false disciplinary cases against him in retaliation for his filing grievances. Id. He seeks a court order requiring termination of the senior grievance officer, restoration of good time credits lost in unconstitutional disciplinary hearings, assault charges to be filed against officers who have assaulted him, a federal investigation into his claims, and an immediate transfer off the McConnell Unit. Id. In addition, Walton has filed a petition for injunctive relief, requesting that he be

transferred to federal custody or to another state prison based on the "merit of the allegations of [his] habeas corpus pleading." (D.E. 4).

### I. Discussion

**A.    Nature of Walton's complaints.**

Walton characterizes his pleading as one for habeas corpus relief. In Jackson v. Torres, the Fifth Circuit distinguished between § 1983 claims and claims for habeas corpus relief as follows:

> The rule in this Circuit is that any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under § 1983. The relief sought by the prisoner or the label he places upon the action is not the governing factor.

Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam) (citing Johnson v. Hardy, 601 F.2d 172, 174 (5th Cir. 1979).

**B.    Analysis.**

Within his 40-page pleading, Walton complains of three prison disciplinary convictions, and alleges that he lost good time credits as a result of those convictions. Challenges to prison disciplinary convictions that result in the loss of good time affect the fact or duration of a prisoner's sentence, and are properly pursued in a habeas corpus proceeding. See Preiser v. Rodriguez, 411 U.S. 475 (1973) (appropriate habeas corpus claims are those that call into question the fact, length, or conditions of the petitioner's custody and seek an immediate or speedier release); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (challenges to the loss of good time credits are properly raised in a habeas corpus proceeding). Thus, Walton's claims challenging his disciplinary convictions are properly maintained herein.

However, Walton's numerous other claims that he has raised in his petition do not call into question the fact or duration of his sentence. For example, Walton claims that grievance officers

2

are not considering his LID complaints properly such that he has been assaulted and his life continues to be in danger. He complains also of inadequate medical care. He has attached to his complaint copies of his step 1 and step 2 grievances complaining about his classification, housing, and the failure of grievance officials to protect him. These allegations raise claims under the Eighth Amendment's prohibition against cruel and unusual punishment. See e.g. Farmer v. Brennan, 511 U.S. 825, 832 (1994) (prison officials have a duty to protect prisoners from violence at the hand of other prisoners); Estelle v. Gamble, 429 U.S. 97, 105 (1976) (prisoners are entitled to adequate medical attention to their serious medical needs). In addition, plaintiff argues that false disciplinary cases have been filed against him in retaliation for his filing grievances. He names at least eleven individual prison officials as persons responsible for the violation of his constitutional rights. These claims do not challenge the length or duration of his sentence, and are not properly maintained in a habeas corpus petition. See Preiser, *supra.* Rather, these claims must be pursued in a § 1983 civil rights action, subject to exhaustion of administrative remedies, 42 U.S.C. § 1997e(a), and the screening provisions of 28 U.S.C. § 1915(e)(2) .[1]

Similarly, Walton's claim for injunctive relief (D.E. 4), does not challenge the fact or duration of his sentence. Consideration of his request for injunctive relief cannot be maintained in a habeas corpus proceeding.

---

[1] Walton is a three strikes litigant, see 28 U.S.C. § 1915(g), and has lost the privilege of proceeding *in forma pauperis* in a civil rights action unless he can demonstrate that he is in imminent danger of serious physical injury.

## II.  Recommendation

It is respectfully recommended that plaintiff's § 1983 claims be dismissed without prejudice to plaintiff pursuing those claims in a civil rights action.  It is further recommended that his motion for injunctive relief (D.E. 4) be denied without prejudice so that he may properly raise it in a civil rights proceeding.

Respectfully submitted this 28th day of February, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).